IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 01-06 Erie |
| | ) | |
| DONALD TURNER | ) | |

## MEMORANDUM ORDER

A hearing on motions in limine filed by the government and Defendant Donald Turner was held on June 3, 2011. The Court held in abeyance ruling on Defendant's motion to exclude tape recorded conversations between Daniel Leveto and an undercover agent labeled as Exhibits 55, 56A, 58, and 64-B, and Defendant's motion to exclude a monologue tape recording made by Daniel Leveto labeled as Exhibit 65. In addition to submitting briefs and presenting oral argument, both parties have submitted more focused evidence in support of their arguments.

1. <u>Defendant's Motion to Exclude Tape Recorded Conversations</u>

In Defendant's motion in limine he seeks to exclude Exhibits 50-58, and 61-64 A & B, which are tape recorded conversations between Daniel Leveto and Agent Manuel Gonzalez of the Internal Revenue Service who was acting in an undercover capacity and using the name Joe Rivera.

The government has explained that it only intends to introduce into evidence selected portions of the tape recorded conversations and has provided the Court and defense counsel with the actual audio excerpts it intends to play at trial. The audio excerpts have been extracted from Exhibits 55, 56A, 58, and 64-B. Accordingly, our ruling is limited to the audio experts the government intends to introduce from these exhibits.

Defendant argues that the conversations on the recordings are hearsay being offered for the truth of the matter asserted under 801(c) and are inadmissible under 802. In response, the government argues that the statements are admissible under 801(d)(2)(E) as coconspirator statements made in the course of an unindicted, broader conspiracy. The government explains that the unindicted conspiracy involves Daniel Leveto and Donald Turner in a scheme to impede or impair the collection of income tax by the United States by recruiting persons to join an organization, the workings of which in turn impedes or impairs the United States in the collection of income tax.

In response, Defendant argues that there is no such broader conspiracy and that all the evidence shows is that Daniel Leveto engaged in protected First Amendment activity by selling Donald Turner's book to other people. Defendant's post-hearing submission contains selected portions from the transcripts of the recordings to support his contention that all Daniel Leveto was engaged in was buying Donald Turner's book from Mr. Turner and reselling it to the public.

We have listened to and read the audio experts the government intends to introduce at trial, and have read the experts and other evidence submitted by Defendant in support of his argument that no broader conspiracy is shown by the conversations. We find by a preponderance of the evidence that the audio excerpts establish that a broader, unindicted conspiracy existed involving Leveto and Turner, that the statements in the audio excerpts were made in the course of the conspiracy, and that the statements in the audio excerpts were made in furtherance of the conspiracy. See United States v. Gricco, 277 F.3d 339, 354 (3d Cir. 2001); United States v. Ellis, 156 F.3d 493, 496 (3d Cir. 1998). Therefore, the audio

excerpts the government intends to introduce are admissible under Rule 801(d)(2)(E). Ellis, 156 F.3d at 497. Accordingly, we will deny Defendant's motion in limine as to the audio excerpts extracted from Exhibits 55, 56A, 58, and 64-B.

2. Defendant's Motion to Exclude Monologue Recording

Next, Defendant seeks to exclude Exhibit 65, a monologue tape recording made by Daniel Leveto on a cassette tape labeled "Colato." We have listened to this recording. It appears to be instructions directed to Mr. Leveto's wife as to how to continue certain aspects of the couple's financial and business affairs should Mr. Leveto no longer be around. The tape recording explains how the couple has restructured their affairs and the reasons for doing so, aspects of how the scheme charged in the indictment works, instructions on how to continue running aspects of the scheme, and to contact Don Turner regarding certain issues or should she need assistance. Mr. Leveto also refers to a Leonard Adler several times throughout the tapes and his role and importance in the couple's affairs.

Defendant argues that this recording is hearsay being offered for the truth of the matter asserted under 801(c) and is inadmissible under 802. The government submits that the recording is a co-conspirator's statement of how to continue the conspiracy and is therefore admissible, at a minimum, under 802(d)(2)(E) as a statement made during the conspiracy. The government alleges that the "Leonard Adler" referred to by Mr. Leveto in the tape recording is a fictitious person used by the coconspirators in furtherance of the conspiracy, and that Mrs. Leveto will testify at trial that Leonard Adler does not exist. In addition, the government argues that the stamp referred to by Mr. Leveto in association with instructions to his wife regarding handling their financial affairs, is a "Leonard Adler" stamp seized by the

3

government during the course of the conspiracy on May 2, 1996. In response, Defendant argues the government is unable to prove when the tape was made and therefore cannot establish with evidence that the tape was made during the course of the conspiracy.

We agree with the government that there is sufficient evidence in the tape recording itself to establish that it was made during the conspiracy. The fact that the government did not receive the tape recording until after the conspiracy ended when Mrs. Leveto turned it over to the government is insufficient to overcome the evidence from Mr. Leveto's monologue itself that refers to the Leonard Adler stamp seized from Mr. Leveto during the course of the conspiracy. Mr. Leveto's reference to the stamp is in the present tense as an item that Mrs. Leveto would have available to use as she carries out Mr. Leveto's instructions. Accordingly, Defendant's motion in limine to exclude the monologue tape recording made by Daniel Leveto and labeled as Exhibit 65 will be denied.

AND NOW, to-wit, this 5th day of August, 2011, for the reasons stated above, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Exclude Tape Recorded Conversations and Defendant's Motion to Exclude Monologue Recording be and hereby are DENIED.

Gary L. Lancaster
Chief United States District Judge