IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 01-06 Erie** |
| | ) | (Civ. No. 14-120 Erie) |
| DONALD TURNER | ) | |

**MEMORANDUM OPINION and ORDER**

Presently before the Court is Petitioner Donald Turner's Motion to Vacate, Set Aside, or Modify Sentence under 28 U.S.C. § 2255, filed at Criminal No. 01-06 Erie. ECF No. 278. The government has filed a Response to the Motion (ECF No. 280), to which Mr. Turner has filed a Traverse (ECF No. 281).

**I. Background**

Mr. Turner was charged with one count of conspiracy to defraud the United States for the purpose of impeding and impairing the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of income taxes in violation of Title 18 U.S.C. § 371. On September 16, 2011, Mr. Turner was convicted by a jury of the charge in the indictment. On January 26, 2012, we sentenced Mr. Turner to a term of imprisonment of 60 months.

He appealed his sentence to the United States Court of Appeals for the Third Circuit, which affirmed the conviction and sentence on May 1, 2013, United States v. Turner, 718 F.3d 226 (3d Cir. 2013).

## II.  Standard of Review under 28 U.S.C. §2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction.  United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), *aff'd*, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), *cert. denied*, 500 U.S. 916.  Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. §2255.  Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

When a Motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court.  In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record.  United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).  Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief.  Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

We find no need for an evidentiary hearing here, as the record conclusively establishes that Mr. Turner is not entitled to the relief sought in the petition. 28 U.S.C. § 2255. Accordingly, we will deny his motion for an evidentiary hearing.

**III. Discussion**

Mr. Turner alleges that "no grand jury found indictment was returned against him" in violation of the "Grand Jury Clause" of the Fifth Amendment to the Constitution. Pet. Traverse, 1. Specifically, he argues that there is no evidence supporting, and no entry on the docket showing, that 12 or more grand jurors voted to indict, consistent with Federal Rule of Criminal Procedure 6(f), hence the indictment is a nullity.

Initially, Mr. Turner is procedurally barred from raising this claim as it could have been raised on direct review but was not. Bousley v. United States, 523 U.S. 614, 621 (U.S. 1998). Claims not raised in the district court and not raised on direct appeal are defaulted and may not be raised in a section 2255 motion except under very specific circumstances.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 & 496 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); and Smith v. Murray, 477 U.S. 527, 537 (1986); see also United States v. Frady, 456 U.S. 152, 167-68 (1982)).

To show cause, the petitioner "must establish that 'some external impediment' prevented him from raising the claim." Wise v. Fulcomer, 958 F.2d 30, 34 n. 9 (3d Cir. 1992) (quoting McClesky v. Zant, 499 U.S. 467 (1991); see also Frady, 456 U.S. at 170). "Prejudice

exists where 'errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" Coleman v. Thompson, 501 U.S. 722, 753 (1991); Murray v. Carrier, 466 U.S. 478, 494 (1986); see also Frady, 456 U.S. at 170.

"Actual innocence" is concerned, with actual, as opposed to legal, innocence. Calderon v. Thompson, 523 U.S. 538, 559 (1998). "To establish actual innocence, petitioner must demonstrate that, ' "in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995)).

In support of establishing cause and prejudice, Mr. Turner also alleges that his counsel was ineffective for failing to raise a challenge to the Grand Jury process and the alleged irregularity on the docket before the district court.

"A claim of ineffective assistance requires a defendant to establish that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant." McAleese v. Mazurkiewicz, 1 F.3d 159, 166 (3d Cir. 1993), citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984).

We will dismiss Mr. Turner's claims because Mr. Turner is unable to establish that he suffered any prejudice from the alleged error in the indictment procedure or from his counsel's failure to raise a challenge the grand jury process or to the finding of an Indictment against him or to the lack of a docket entry showing that at least 12 grand jurors voted or passed upon the indictment.

There is a presumption of regularity in grand jury proceedings. United States v. Educational Development Network Corp., 884 F.2d 737, 740 (3d Cir. 1989). Mr. Turner is

unable to establish, other than by his bald assertion, that the indictment process and return of the indictment was not proper. That Mr. Turner has no evidence to show that there was any irregularity in the grand jury process is shown by his assertion that a hearing in this case is necessary in order "to determine that the government didn't simply feign his indictment by a grand jury foreperson signature only, or not at all." Petitioner's Motion, at 7. In other words, approximately thirteen years after Mr. Turner was indicted, he is making the unsupported claim that the government committed a fraud in obtaining the indictment against him. We find no merit in this argument. In addition, Mr. Turner's counsel's decision not to assert a challenge to the grand jury process or the indictment for being defective was a strategic and sound decision in light of the fact that such a challenge would be meritless. Accordingly we will deny his claim.

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). We find that jurists of reason would not find it debatable whether Mr. Turner states a valid claim of the denial of a constitutional right and jurists of reason would not find debatable the issue of whether we were correct in concluding that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

## IV. Conclusion

Mr. Turner's section 2255 motion will be denied, and a certificate of appealability will not be issued.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this __30th__ day of September, 2014 for the reasons stated above, it is hereby ORDERED, ADJUDGED and DECREED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 278) be and hereby is DENIED.

The court declines to issue a Certificate of Appealability.

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.,
Senior United States District Court Judge

cc: Donald Turner, pro se
No. 18929-013
FCI Loretto
P.O. Box 1000
Loretto, PA 15940